Filed 5/10/21  P. v. Lopez-Cabrera CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>EDUARDO LOPEZ-CABRERA,<br><br>        Defendant and Appellant. | A161274<br><br>(Sonoma County<br>Super. Ct. No. SCR-729022-3) |

Defendant Eduardo Lopez-Cabrera appeals a judgment entered upon a plea of no contest to felony assault with a firearm and a purported plea of no contest to misdemeanor street terrorism.  His counsel has filed an opening brief raising no issues and asking this court for an independent review of the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Lopez-Cabrera has been apprised of his right personally to file a supplemental brief, but he has not done so.

In the course of our review of the record, we noted that Defendant did not admit in open court an enhancement allegation upon which part of his sentence was based, and that he did not enter a plea to the street terrorism charge.  At our request the parties submitted supplemental briefing on the effect of these omissions.  Lopez-Cabrera contends, and the Attorney General

1

properly concedes, that these errors require partial reversal and a remand for further proceedings.

Lopez-Cabrera was charged in count 3 with felony assault with a firearm (Pen. Code, §245, subd. (a)(2))[1] with gang, great bodily injury, and firearm allegations (§§ 186.22, subd. (b)(1)(C), 1203.06, subd. (a)(1) & 12022.7, subd. (a)), and in count 4 with felony street terrorism (§ 186.22, subd. (a)).

At the preliminary hearing for Lopez-Cabrera and two codefendants, there was evidence that Lopez-Cabrera and his codefendants, all members of the Sureño criminal street gang, became involved in fights with two other men at a party on June 29, 2019. During the course of the fighting, Lopez-Cabrera shot one of the other men, and the second man suffered a stab wound to his head.

Lopez-Cabrera initially pled not guilty. He later entered into a negotiated disposition, memorialized in a signed plea form, to plead no contest to count 3, admit the great bodily injury enhancement, and plead no contest to a reduced misdemeanor charge of street terrorism, with an agreed-upon maximum sentence of seven years, calculated as four years for the assault and an additional three years for the enhancement.

In open court, Lopez-Cabrera pled no contest to count 3 as a felony; the trial court noted that he would also be entering a plea to count 4, and the prosecutor moved to reduce the count to a misdemeanor. However, the court did not obtain an express plea to count 4, and no mention was made at the hearing of the section 12022.7 enhancement.

---

[1] All statutory references are to the Penal Code. Counts 1 and 2 were alleged only against one of Lopez-Cabrera's codefendants.

2

The trial court sentenced Lopez-Cabrera to the upper prison term of four years for count 3 plus three years for the great bodily injury enhancement, assessed fines and fees, and awarded 503 days in custody credits. The court notified Lopez-Cabrera that his conviction of street terrorism required him to register as a gang member pursuant to section 186.30, subdivision (a). The remaining counts and enhancements were dismissed. Lopez-Cabrera appealed and obtained a certificate of probable cause on the issue of ineffective assistance of counsel.

This court requested supplemental briefing on whether Lopez-Cabrera entered a plea to the street terrorism charge and admitted the great bodily injury enhancement in open court, and if not, the effect of those omissions. Section 1018 requires that a defendant enter a plea in open court. Both parties agree Lopez-Cabrera did not enter a plea to the street terrorism charge and did not admit the great bodily injury enhancement in open court, and they agree that the court erred when it imposed a three-year term for the enhancement at sentencing. Both parties also agree, as do we, that the appropriate remedy is to " 'return the proceedings to the point at which the court erred and reroute them to the proper track.' [Citation.] Since the error consisted of the trial court's failure to take [certain] admissions . . . findings on those allegations should be reversed and the matter remanded for further plea proceedings as to those allegations only." (*People v. Bryant* (1992) 10 Cal.App.4th 1584, 1598.) We shall likewise direct the trial court to conduct further proceedings only as to count 4 and the enhancement under section 12022.7.

Lopez-Cabrera was represented by counsel throughout the proceedings. There was a factual basis for the plea of no contest to assault with a firearm, and indeed evidence at the preliminary examination suggested that Lopez-

3

Cabrera's exposure, if he were to have taken the case to trial and lost, could have been considerably more than the seven-year maximum sentence he negotiated. There is no evidence counsel was ineffective in negotiating that plea agreement. Our review of the record has revealed no other meritorious issues to be argued.

## DISPOSITION

The judgment is affirmed as to the substantive offense under count 3, felony assault with a firearm. The judgment is reversed to the extent it rests on a purported admission under section 12022.7, subdivision (a) as to count 3 and on a purported plea of no contest as to count 4. The matter is remanded for further proceedings consistent with this opinion. After resentencing Lopez-Cabrera on remand, the trial court shall prepare an amended abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.


TUCHER, J.


WE CONCUR:

POLLAK, P. J.
BROWN, J.